**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fi Therman Yazzie, | No. CV-24-01696-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's Attorney Jodiane Goodman's ("Goodman") Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)(1) ("Motion").[1] (Doc. 20.) The Commissioner of the Social Security Administration ("Commissioner") "neither supports nor opposes counsel's request for attorney's fees." (Doc. 21 at 2.) The Court will grant the Motion.

## I.    BACKGROUND

The Commissioner initially denied Plaintiff Fi Therman Yazzie's request for Social Security Benefits, and Yazzie sought review of that decision. In a different action, the Commissioner's decision was reversed and remanded for rehearing; Goodman was awarded $5,959.06 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Order, *Yazzie v. Comm'r Soc. Sec. Admin.*, (No. CV-22-00688-PHX-DJH), (D. Ariz. Jan. 5, 2024), Doc. 23. Yazzie then filed this action with this Court after the

---

[1] The Motion requests relief under § 206(b)(1) of the Social Security Act, which is codified as amended at 42 U.S.C. § 406(b)(1). The Court refers to § 406(b)(1) rather than § 206 of the Act for clarity and consistency.

Commissioner issued another unfavorable decision. (Doc. 1 at 2.) The parties then filed a Stipulated Motion for Remand pursuant to 42 U.S.C. § 405(g) sentence four (Doc. 14), which the Court granted (Doc. 15). The Clerk then entered judgment in Yazzie's favor and remanded the case to the Social Security Administration ("SSA") for further proceedings. (Doc. 16.) Yazzie then moved for attorney's fees pursuant to the EAJA. (Doc. 17.) The Court granted the motion (Doc. 19) and then later amended it to distinguish between attorneys' fees and costs, awarding EAJA attorneys' fees in the amount of $1,076.00 (Doc. 23). In total, Goodman received $7,035.06 in EAJA awards.

On remand, the Commissioner found that Yazzie was entitled to disability benefits beginning in April 2018. (Doc. 20-3 at 2.) In its Notice of Award, the SSA notified Yazzie that it was withholding $38,004.00 in case it needed to pay his attorney. (*Id.* at 4 ("We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.")) Goodman now asks the Court to award her and her team $38,004.00 pursuant to 42 U.S.C. § 406(b). (Doc. 20-1 at 4.)

## II.   LEGAL STANDARD

When an attorney obtains a favorable judgment for a represented Social Security claimant in court, the court can award a reasonable fee for the representation, provided the fee does not exceed 25% of the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). A court gives primacy to a contingent-fee arrangement between the claimant and his attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court then determines reasonableness based on the character of the representation and the results achieved. *Id.* at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1149, 1151 (9th Cir. 2009). A court can adjust downward if "the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

The SSA has no direct interest in how much of the award goes to counsel, so district courts have an affirmative duty to determine whether the fee is reasonable. *Id.* at 1149. If a claimant's attorney receives fees under both EAJA and § 406(b), the claimant's attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 789.

- 2 -

### III.     DISCUSSION

The requested $38,004.00 is reasonable under the *Gisbrecht* factors. Yazzie agreed to allow Goodman and her team to seek up to 25% of past-due benefits, which Goodman now requests. (Doc. 20-2 at 2.) While the Notice of Award does not provide the total amount of past-due benefits awarded to Yazzie, the Court infers that the Commissioner's withholding $38,004.00 as 25% of the total results in an award of $152,016.00. *Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2026 WL 242858, at *1 (D. Ariz. Jan. 29, 2026) ("In the Court's experience, the amount withheld is consistently 25% of the total amount.").

Goodman and her team[2] logged 8.7 hours of paralegal time and 27.4 hours of attorney time, totaling 36.1 hours working on Yazzie's case. (Doc. 20-1 at 3–4.) Billing paralegal time at $100 an hour results in an effective attorney hourly rate of $1,355.26. *See Tyner v. Comm'r Soc. Sec. Admin.*, No. CV 19-489-TUC-LAB, 2021 WL 1895254, at *2 (D. Ariz. May 11, 2021) (finding hourly rate of $100 for paralegals to be reasonable); (Doc. 20-1 at 3 (requesting the paralegal time be billed at $100 an hour)). This is toward "the high end of acceptable rates" in the District of Arizona but is still "within the range of reasonableness." *Williams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00136-PHX-JAT, 2025 WL 1342821, at *2 (D. Ariz. May 8, 2025) (hourly rate of $1,482.05 was reasonable); *see also McCabe v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00192-PHX-DLR, 2025 WL 460744, at *1 (D. Ariz. Feb. 11, 2025) (hourly rate of $1,513.51 was reasonable).

Goodman and her team were able to obtain Social Security Benefits for Yazzie, and there is no indication in the record of substandard representation or delay. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. This award would also not result in a windfall for Yazzie's attorneys. *Gisbrecht*, 535 U.S. at 808. Accordingly, considering the *Gisbrecht* reasonableness factors, the Court finds that the requested $38,004.00 fee award is reasonable.

. . . .

---

[2] While Goodman made this Motion, the submitted time ledger includes work by other attorneys and paralegals on Yazzie's case. (*See* Docs. 20-4, 20-5, 20-6.)

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees (Doc. 20) is **GRANTED** in the amount of $38,004.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must, after receipt of the above awarded fee, refund to Plaintiff the fees previously awarded under the EAJA in the amount of $7,035.06.

Dated this 3rd day of April, 2026.

Michael T. Liburdi
United States District Judge